**UNITED STATES of America,**

v.

**Deborah RODRIGUEZ.**

No. CR. 01–59–N.

United States District Court,
M.D. Alabama,
Northern Division.

July 30, 2002.

Kevin L. Butler, Federal Defender Middle District of Alabama, Montgomery, AL, for Deborah Rodriguez.

Louis V. Franklin, Sr., Todd A. Brown, U.S. Attorney's Office, Montgomery, AL, for U.S.

## OPINION

MYRON H. THOMPSON, District Judge.

Defendant Deborah Rodriguez pled guilty to one possession-with-intent-to-distribute count of transporting approximately 382 kilograms of cocaine hydrochloride, in violation of 21 U.S.C.A. § 841(a)(1). Rodriguez is now before the court for sentencing; she has moved for a two-level downward departure pursuant to 18 U.S.C.A. § 3553(b) and U.S.S.G. § 5K2.0, which permit district courts to

depart downward to address circumstances "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." The government opposes the motion, on two grounds: first, that the departure is not warranted, and, second and in the alternative, that the subject-matter of the motion was already taken into account in the government's motion for a five-level reduction of offense level, pursuant to U.S.S.G § 5k1.1, for substantial assistance. For the reasons that follow, the court will grant Rodriguez's motion for an additional two levels of downward departure. The court will address both of the government's objections below.

## I.

On March 28, 2001, while driving a Ryder rental truck north on I–65 in Montgomery, Alabama, Rodriguez was pulled over for speeding by an Alabama state trooper. After searching the truck, state troopers found approximately 382 kilograms of cocaine hydrochloride concealed within a sofa in the rear of the truck. Rodriguez was arrested, taken into custody, and, pursuant to an agreement with the government, entered a plea of guilty to the indictment.

At her sentencing hearing before this court, Rodriguez testified that, after her arrest and while in custody and before her entry of plea, she was raped by a guard at the Montgomery City Jail. She stated that the guard took her into a room, pulled down her jumpsuit, and raped her. Rodriguez reported the rape to her attorney. Upon an investigation, the guard admitted that he and Rodriguez had had sexual contact, but maintained that it was consensual. As a result of the incident, the guard was terminated from his employment at the Montgomery City Jail, and Rodriguez was moved to the Elmore County Jail. Rodriguez has apparently received no counseling for the incident.

Rodriguez has requested a two-level downward departure based on U.S.S.G. § 5K2.0, which states that a downward departure may be granted if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C.A. § 3553(b). Rodriguez argues that because pre-sentencing sexual assault was not a factor considered by the Sentencing Commission in formulating the guidelines, and because this factor has never been addressed or proscribed as a factor that may justify departure, this court has authority to consider it to determine whether a downward departure is warranted.

Both in the Presentencing Investigation Report and at the sentencing hearing, the probation officer declined to recommend a downward departure on the basis of the sexual assault. The probation officer stated that he had reviewed the statements of Rodriguez and the guard about the incident, and "no determination can be made that a sexual assault occurred." In explaining his finding, the probation officer noted that, although the guard had been terminated from employment, "no criminal charges have been filed." The court, having heard the evidence, now concludes that Rodriguez was raped.

At the sentencing hearing, there was some confusion as to whether the government's § 5K1.1 substantial-assistance motion for a five-level reduction actually took into account the fact of the rape itself and whether it was, in part, predicated upon Rodriguez's willingness to cooperate with authorities in the potential prosecution of her assailant. For the reasons discussed below, the court finds that the government's motion did not sufficiently take into

account the fact of the rape, and, in the alternative, the court finds that, even if the motion were intended to do so, an additional downward departure is appropriate here.

## II.

■ In determining whether a departure is warranted under U.S.S.G. § 5K2.0, this court is bound by the approach outlined in *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), and explained in *United States v. Hoffer*, 129 F.3d 1196 (11th Cir.1997). *United States v. Grove*, 150 F.Supp.2d 1270 (M.D.Ala.2001) As the Eleventh Circuit Court of Appeals explained, "To determine whether a factor which takes a case outside the heartland [that is, outside the range of typical cases contemplated by the Guidelines] should result in a different sentence, a district court must first decide whether the factor is forbidden, encouraged, discouraged, or unaddressed by the guidelines as a potential basis for departure. If a factor is forbidden, *see, e.g.,* U.S.S.G. § 5H1.10 (race, sex, national origin, creed, religion and socioeconomic status), a district court cannot use it to depart from the applicable guideline." *Hoffer*, 129 F.3d at 1200 (internal citations omitted). "If a factor is encouraged, *see, e.g.,* § 5K2.1 (causing death), a court is authorized to depart from the applicable guideline if the guideline does not already take that factor into account. If a factor is discouraged, *see, e.g.,* § 5H1.2 (education and vocational skills), or is an encouraged factor already taken into account by the applicable guideline, a district court may depart only if the factor is present to an exceptional degree or in some other way makes the case distinguishable from an ordinary case where the factor is present." *Id.; see also* 18 U.S.C.A. § 3553(b).

■ In *Hoffer*, the appellate court concluded that a district court may depart on the basis of a factor not addressed by the Sentencing Commission as a basis for departure "if it finds, after considering the structure and theory of both the relevant individual guidelines and the Guidelines taken as a whole, that the factor takes the case out of the applicable guideline's heartland. However, a district court departing on the basis of an unenumerated factor should bear in mind the Commission's expectation that such departures will be highly infrequent." 129 F.3d at 1201. Here, the special circumstances presented are neither "forbidden," "encouraged," nor "discouraged" as a basis for departure in the lists provided in Chapter 5, Parts H and K.

This court has been unable to identify any other cases in which a defendant requested a downward departure on the basis of having been sexually assaulted while in prison awaiting sentencing. Courts have addressed as possible grounds for departure a defendant's vulnerability to sexual assault while in prison, as well as overly harsh presentence-confinement conditions. However, this case presents a unique issue that incorporates both of these areas of concern.

Previous cases dealing with the question of whether a defendant's vulnerability to physical abuse in prison warranted a downward departure have focused on the particular personal characteristics of the defendants, often taking a range of factors into consideration; they have also been careful to emphasize that the nature of the offense is not a valid factor. In *Koon*, the Supreme Court expressly recognized that a sentencing court may consider "susceptibility to abuse" in prison as a factor for a downward departure in extraordinary or unusual circumstances. 518 U.S. at 111, 116 S.Ct. at 2053. Before *Koon* was decided, the Second Circuit held in *United States v. Lara*, 905 F.2d 599 (2d Cir.1990), that downward departure on the basis of

possible prison victimization was warranted for a defendant who alleged that "while incarcerated an incident occurred in which 'two tough male ... inmates were attempting to coerce defendant by threats into becoming a male prostitute.'" *Id.* at 601. It should go without saying that an actual sexual assault is of even more serious import than threats of sexual assault.

In *United States v. Ruff*, 998 F.Supp. 1351 (M.D.Ala.1998), this court held that the defendant's vulnerability to victimization in prison warranted a downward sentencing departure. The defendant, a 35-year-old male, was of small build, was openly gay, had a "somewhat" feminine appearance, and had been sexually assaulted by another inmate in prison before; he also suffered from several physical and mental problems including severe depression, substance abuse, a history of sexual assault, and was HIV-positive. *Id.* at 1354–1355. This court concluded that the defendant's "particular circumstances, which incorporate his personal history and background, physical condition and appearance, and sexuality, make him extraordinarily vulnerable to victimization in prison." *Id.* at 1357.

The Seventh Circuit held similarly in *United States v. Wilke*, 156 F.3d 749 (7th Cir.1998), that the district court could consider the defendant's sexual orientation and demeanor in deciding whether to grant a downward departure based on vulnerability to abuse in prison. The defendant had been convicted of transporting child pornography through interstate commerce. *Id.* at 750. The *Wilke* court also instructed that a district court may not rely on the nature of a defendant's offense as a factor for downward departure, since "[i]f we permitted defendants convicted of distributing child pornography to use the crime as a reason to justify a departure from the range recommended by the Guidelines, then we would eviscerate the

recommended range for this crime and undermine the goals of the Sentencing Reform Act of 1984." *Id.* at 753–754. The Fourth Circuit reached the same conclusion in *United States v. DeBeir*, 186 F.3d 561 (4th Cir.1999), holding that a defendant who pled guilty to traveling in interstate commerce with the intent to engage in a sexual act with a minor would not receive a downward departure on grounds that the nature of his offense took his case out of the heartland of cases for that guideline.

Here, unlike the defendants in these earlier cases, Rodriguez has not attempted to allege that the nature of her offense, or any combination of personal characteristics such as sexual orientation or physical vulnerability, entitle her to a downward departure. Rather, Rodriguez argues that the physical assault upon her, which occurred at the hands of those who were responsible for her safety while awaiting sentencing in this case, should be taken into consideration when determining her sentence. It is important to note that Rodriguez does not argue that she should receive a downward departure because she was raped or sexually assaulted at some general point in the past, either inside or outside of prison, but rather while she was awaiting sentencing in her case; thus the circumstance of awaiting sentencing, while not the legal cause of her assault, was a condition that allowed the assault to happen. In other words, the assault occurred on this court's watch. Nor does she present the question of whether a downward departure is warranted because of a prison assault or rape by another inmate. The court emphasizes that, in finding that Rodriguez's circumstances present an appropriate basis for reducing her offense level under the guidelines, its holding is expressly limited to these circumstances.

Given that Rodriguez does not request a downward departure simply because she may be vulnerable to abuse in the future, but rather because she was raped in prison by a guard while awaiting sentencing, her case also entails an extraordinary presentence confinement condition. Earlier cases that have treated presentence confinement conditions as potential grounds for downward departures primarily arise from courts in the Second and Third Circuits; the Eleventh Circuit has not explicitly addressed the question. The Second Circuit held in *United States v. Carty*, 264 F.3d 191 (2d Cir.2001), that presentence confinement conditions may, in appropriate cases, be a permissible basis for downward departures. Following this holding, in *United States v. Francis*, 129 F.Supp.2d 612 (S.D.N.Y.2001), the district court granted a downward departure for extremely harsh presentence confinement conditions on the basis of an extensive factual record of abuse and mistreatment suffered by the defendant in a non-federal prison. The Third Circuit has not made such an explicit holding, but in *United States v. Sutton*, 973 F.Supp. 488 (D.N.J. 1997), the district court applied both *Koon* and Third Circuit precedent to conclude that a sentencing court is not foreclosed as a matter of law from considering pretrial confinement conditions as a possible basis for departing downward, although it declined to so depart on the facts of the case.

█ Again, the court's finding that Rodriguez's rape warrants a downward departure does not extend beyond the facts of this case. A rape in prison, by a prison guard, while awaiting sentencing on this case, is obviously a highly unusual situation. The court expresses no opinion on whether other types of presentence confinement conditions could be so severe as to justify a downward departure. The court merely finds that to fail to take this rape into account in Rodriguez's sentence would mete out a disproportionate punishment to her, thus thwarting the Sentencing Guidelines' express goal of equalizing sentences.

## III.

█ Alternatively, the court holds that even if the government's § 5K1.1 motion for downward departure took the fact of the rape into account, a further downward departure is still warranted in light of these serious circumstances. (The court, however, doubts that the government's motion for downward departure did take this factor into account, given that it is explicitly predicated upon other grounds.) As this court held in *United States v. Ruff*, 998 F.Supp. 1351, 1362 (M.D.Ala.1998), "As with its decision to depart downward, the court's determination of the number of levels of departure is within its discretion." The government has moved for five levels of downward departure, based on Rodriguez's cooperation with the government. The court finds that an additional two levels of downward departure are appropriate based on the rape.

## IV.

For the reasons set forth above, Rodriguez will receive two additional levels of downward departure based on the fact that she was raped in prison by one of her guards while awaiting sentencing in this case.