**UNITED STATES of America,**

v.

**Deborah RODRIGUEZ.**

**No. CR.01–59–N.**

United States District Court,
M.D. Alabama,
Northern Division.

Aug. 8, 2002.

---

---

Kevin L. Butler, Federal Defender, Middle District of Alabama, Montgomery, AL, for defendant.

Louis V. Franklin, Todd A. Brown, U.S. Attorney's Office, Montgomery, AL, for U.S.

## SUPPLEMENTAL OPINION

MYRON H. THOMPSON, District Judge.

In its opinion issued on July 30, 2002, the court agreed that defendant Deborah Rodriguez should receive a two-level downward departure pursuant to U.S.S.G. § 5K2.0 because a jail guard sexually assaulted her while she was awaiting sentencing in this case. *United States v. Rodriguez,* —— F.Supp.2d ——, 2002 WL 1777802 (M.D.Ala.2002). In the sentencing hearing held on August 7, 2002, Rodriguez requested an additional two levels of downward departure, for a total of four. The court then increased the downward-departure level to a total of three, and this opinion explains why.

The testimony from expert witness Dr. Guy Renfro confirmed the court's earlier conclusion that Rodriguez had been raped. He testified that it was apparent that between the two times he had seen her she had suffered an extremely traumatic event of a sexual nature, and that the only known event that could explain her symptoms was the rape she described; he also emphasized that the psychological tests reflected that she was not faking her symptoms.

Dr. Renfro further testified to the continued consequences Rodriguez is suffering from the rape. These consequences include posttraumatic stress disorder, which he attributes to the sexual assault, and a "significant worsening" of her depression, to the extent that her symptoms are now consistent with major depression rather than the mild depression with which she had presented before the rape.

Based on the earlier evidence and this additional evidence, the court concluded that, because of the extreme nature of the sexual assault and its consequences, Rodriguez should receive a downward-departure total of three levels.

Relying on U.S.S.G. § 5H1.3, a policy statement, the government objected to the additional level. The policy statement says, in relevant part, "Mental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range, except as provided in Chapter 5,

Part K, Subpart 2 (Other Grounds for Departure)." First, the court notes that U.S.S.G. § 5K2.0 (which is the exception to § 5H1.3) was the guideline it invoked. Second, the policy statement is not applicable here because Rodriguez's mental and emotional condition was not the basis for the court's decision to depart. The court departed downward because a jail guard raped Rodriguez while she was awaiting sentencing in this court. Dr. Renfro's testimony about Rodriguez's condition was information that helped the court (after it found that a departure was warranted) fashion a sentence that appropriately reflected the nature of the sexual assault Rodriguez suffered, that is, that reflected that what happened was not in any way consensual but rather was a violent attack, with long-lasting consequences, on Rodriguez's physical and mental well-being.

Alternatively, the court notes that § 5H1.3 does "not categorically prohibit a judge from departing," but rather "prohibits departures from the applicable sentence range in all but extraordinary cases." *United States v. Smith,* 289 F.3d 696, 714 (11th Cir.2002) (quoting *United States v. Mogel,* 956 F.2d 1555, 1562 (11th Cir.), *cert. denied,* 506 U.S. 857, 113 S.Ct. 167, 121 L.Ed.2d 115 (1992)). The court believes that the physical and mental trauma Rodriguez suffered was so "extraordinary" that it lifted her case out of the guideline heartland.